UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALBERT D. INGRAM, | ) | CASE NO. 1:08 CV 627 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MANAGEMENT TRAINING CORP., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 12, 2008, plaintiff pro se Albert D. Ingram filed this action under 42 U.S.C. § 1983 against Management Training Corporation ("MTC"), Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, First Correctional Medical ("FCM") Health Care Administrator Donna Teare, FCM Physician Vicki Owen, and FCM Nurse Suzette Burr. In the complaint, plaintiff asserts that the defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages.

**Background**

Mr. Ingram is an inmate at the Lake Erie Correctional Institution ("LECI"), a private prison owned and operated by MTC. MTC contracts with FCM to provide medical care to the prisoners at LECI. The plaintiff arrived at LECI on November 28, 2006. He claims that he informed Ms. Teare that his feet were very sore from the state issued boots he had been wearing

at the Lorain Correctional Institution.  He told her that as a result of a gun shot wound, he wore an orthopedic shoe with a left shoe lift.  He was told to report to sick call and explain his need to the nurse.

Mr. Ingram was referred to a podiatrist on January 7, 2007.  He claims he was told by the podiatrist that he would inquire about getting orthopedic shoes.  On February 7, 2007 and April 6, 2007, the podiatrist told Mr. Ingram that she still had not heard from Nurse Teare concerning the approval for the purchase of orthopedic shoes.  When the approval for the shoes finally was granted, he was given a catalogue and told to select a pair of shoes.  He selected a pair of Nike gym shoes; however, the shoe was not approved by Ms. Teare.  A pair of Skecher sport gym shoes was ordered instead. Mr. Ingram claims the Skecher shoes hurt his feet and caused blisters.  He reported this to both Nurse Teare and Dr. Owen but was told the shoes just needed to be broken in.  Two weeks later, he again reported blisters to Dr. Owen.  He claims she refused to look at his feet, and again told him to wear the shoes until they stretched out.  He was told a wider shoe would not be ordered because the lift placed on the left shoe was very expensive and the prison would not incur that expense twice.

Mr. Ingram's blisters became worse over the course of the next six months.  After filing grievances, he received a pair of orthopedic boots.  He states that the boots also caused him pain and blisters.  He has not been permitted to return to the podiatrist.  He indicates that the grievance process brought the matter to the attention of ODRC Director Terry Collins or one of his agents and Mr. Collins failed to take corrective steps to address his problem.  He also contends that MTC has knowledge of his complaint through its agents, and failed to remedy the situation.  He claims that the defendants violated his Eighth And Fourteenth Amendment rights.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against MTC, and Terry Collins are dismissed pursuant to §1915(e).

"Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors or employers must have actively engaged in unconstitutional behavior. Id. Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. Id. In this case, MTC and Terry Collins are not even the direct supervisors of the remaining defendants. Terry Collins is the Director of the ODRC, which contracts with MTC to house state prisoner. MTC, in turn, contracts with FCM to provide heath care to inmates at LECI. FCM is the direct supervisor of Ms. Teare, Dr. Owens, and Ms. Burr. In order for liability to attach to Terry Collins or MTC, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

approval of the behavior. Id. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of the other defendants.  Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995).  There are no allegations in the complaint which reasonably suggest that MTC and Terry Collins actively engaged in medical decisions concerning Mr. Ingram.

## **Conclusion**

Accordingly, Management Training Corp., and Terry Collins are dismissed from this action pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This case shall proceed solely on plaintiff's claims against Donna Teare, Vicki Owen, and Suzette Burr.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

    IT IS SO ORDERED.

Dated: June 27, 2008

*s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.